**In re the Marriage of Sherry Gay RESCH, Petitioner, Respondent,**

v.

**John Roy RESCH, Appellant.**

**No. C3–85–786.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

Marianne M. Milloy, Brainerd, for respondent.

Donald A. Hillstrom, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant husband appeals from those provisions in the judgment and decree of marriage dissolution which divided the parties' property and set child support. We affirm.

**FACTS**

Appellant John Roy Resch and respondent Sherry Gay Resch were married in 1964. They have two children, Renee born in 1967 and Randall born in 1974. Both children live at home with their mother.

Mr. Resch began work as a machinist in 1972 and for the next nine years worked for Honeywell, Numeric Machines, James A. Smith Company, and finally 3M. He quit his final position with 3M, where he was earning $6.75 per hour, because of stress.

In 1981 Mr. and Mrs. Resch began farming full-time on a 330 acre farm which they purchased in 1969 for $15,000. In 1975 they completed payment on the property. They borrowed $30,000 from Mr. Resch's parents and $20,000 from the Staples State Bank to finance an irrigation system and well.

In the spring of 1982 Mr. and Mrs. Resch were forced to sell the irrigation system to pay off their bank loan. An additional $6,000 was borrowed from Resch's parents to complete payment of the loan balance. A promissory note was executed by the Reschs' for the total amount owing his parents for the two loans and was secured by a mortgage on the couple's farm property.

In November, 1982 the couple separated and Mr. Resch moved to a small cabin located on another section of their property. He quit full-time farming shortly after the separation because of continued financial problems and has rented part of the land for the last two years. Since he left farming Mr. Resch has worked for a short time selling real estate. He currently is self-employed as a carpenter.

Two years after their separation Mrs. Resch commenced an action for dissolution of the marriage.

At trial, an appraisal of the couple's property was submitted in which the homestead and garage were valued at $40,408.16 and the land at $99,000, based on $300 per acre for the 330 acres available for division. Both parties disagreed as to the value of the land. Mrs. Resch testified that a portion of the property adjoining the Long Prairie River is worthless because each spring the land is flooded. Mr. Resch testified that the property has a value of $100 per acre as hunting property.

Mrs. Resch received the homestead and garage worth $40,000, the irrigation well worth $16,000, and three grain dryers worth $4,000 each. In addition, she received 67 acres of the farmland. She was ordered by the court to convey an easement for use of the irrigation well to any purchaser of the remaining property.

The court established child support at $420 per month for both of the children, basing its figure on a wage Mr. Resch could be earning if he sought work as a machinist in the Staples area.

Mr. Resch received 263 acres which did not have access to the irrigation well. The court ordered all of the land sold. The proceeds were to be applied first to extinguish the mortgage held by his parents. An additional $38,000 was to be placed in trust to secure child support payments.

## ISSUES

1. Did the trial court abuse its discretion in setting child support based upon its finding that Mr. Resch should be a machinist?

2. Did the trial court abuse its discretion in placing a portion of his share of the acreage sale proceeds in trust to assure payment of child support obligations?

3. Did the trial court abuse its discretion in the property division?

## ANALYSIS

1. Mr. Resch argues the trial court abused its discretion in setting child support based on a figure which he could be earning if he had sought work as a machinist in the Staples area. The court found:

> The Respondent has two years of vocational training and in excess of nine years experience as a machinist. That work is available in the Staples/Motley area where Respondent would be able to obtain employment as a machinist at an hourly wage of $13.00 per hour. That if Respondent were so employed on a 40 hour work week, his gross monthly pay would be in excess of $2,200 and his net pay would be in excess of $1,400. That the Respondent has deliberately and willfully refused to accept such employment and has been employed on a part-time basis as a carpenter with an average gross income of approximately $500 per month. That Respondent is able-bodied and capable of earning a substantial income with which he could support his family but refuses to do so.

■ The trial court is afforded broad discretion in setting child support amounts. *In Re Ronay v. Ronay*, 369 N.W.2d 6, 9 (Minn.Ct.App.1985) (citation omitted). In determining a child support obligation, the court must consider the financial resources of both parents and the standard of living the child would have enjoyed if the parents remained married. Minn.Stat. § 518.17, subd. 4 (1984). The court's discretion is limited by the guidelines set forth in Minn. Stat. § 518.551, subd. 5 (1982). *See Le-tourneau v. Letourneau*, 350 N.W.2d 476, 478 (Minn.Ct.App.1984).

■ The Minnesota Supreme Court has consistently held that it is proper to look beyond an obligor's earnings to his earning capacity, and to disregard any inability to pay which is voluntary on the part of the obligor. *See Hopp v. Hopp*, 279 Minn. 170, 175–177, 156 N.W.2d 212, 217–218 (1968); *Meisner v. Meisner*, 220 Minn. 559, 560–561, 20 N.W.2d 486, 487–488 (1945).

Mr. Resch testified he would have no problem finding a job as a machinist in the Staples area at a wage of $13.00 per hour. He chose not to seek such employment, however, because of the stress related problems he experienced when he last worked at the trade nearly four years before the marriage was dissolved.

■ A trial court cannot direct a person to work at a specific job against his will. That does not prohibit it, however, from directing a person to pay support commensurate with a wage he could earn if he sought employment in an occupation for which he is trained and has the present ability to perform. *Hopp*, 279 Minn. at 176, 156 N.W.2d at 217. Consequently, the court's award of child support based on a figure which Mr. Resch could be earning as a machinist was within the discretion of the trial court and was supported by the evidence.

2. Mr. Resch next argues the trial court abused its discretion in placing a portion of his share of the acreage sale proceeds in trust to assure payment of child support obligations.

The trial court relied heavily on this court's decision in *In Re Gabrielson v. Gabrielson*, 363 N.W.2d 814 (Minn.Ct.App. 1985), in which a court-ordered placement of proceeds from the sale of certain real property in trust to assure the availability of funds for child support payments was upheld.

In *Gabrielson* the couple separated in 1981 and the marriage was dissolved in 1983. 363 N.W.2d at 815. Shortly after separation the court ordered the husband

to make child support payments. *Id.* at 816. Despite the court order the husband failed to meet his child support obligations during the two year separation. *Id.* The *Gabrielson* court stated:

Husband's track record shows him repeatedly failing to meet his court-ordered support obligations. Indisputably, the children's best interests will be served by assuring that their needs are timely met through regular child support payments. *Id.*

Here, court-ordered child support obligations did not begin until two months before the marriage was dissolved. Therefore, Mr. Resch maintains *Gabrielson* is distinguishable because the "track record" of nonpayment established in *Gabrielson* is not evident here.

■ Although Mr. Resch's child support obligations were not under court order until two months before dissolution of the marriage, the record shows no payment, other than payment of insurance premiums and assistance with the fuel needs of the family, of child support from the date of separation in November 1981. Mr. Resch has not had in the past sufficient funds to make child support payments nor does it appear that he will have the funds to do so in the near future. Given his scarce resources and the needs of the children, establishment of the child support trust appears to be the only option available to assure consistent payment of child support. We find no error in the trial court's decision to establish a trust to maintain consistent child support payments.

3. Mr. Resch argues the trial court abused its discretion in its division of the marital property.

■ The trial court has broad discretion in dividing property upon dissolution of a marriage, and its findings will not be overturned absent a clear abuse of that discretion. *Bogen v. Bogen,* 261 N.W.2d 606, 609 (Minn.1977). The statute authorizing division of marital property requires a just and equitable division, but not an equal one. *Ruzic v. Ruzic,* 281 N.W.2d 502, 505 (Minn. 1979).

■ The trial court's division of property was not clearly erroneous. Close examination of each party's award reveals an equitable division of assets:

| Mrs. Resch | |
|---|---|
| Homestead and Garage | 40,408.16 |
| Grainbins | 4,000.00 |
| Irrigation well | 16,000.00 |
| 63 acres of land | 13,700.00 |

(32 acres of land awarded Mrs. Resch were low river bottom land. The trial court valued the 35 acres of high ground at $300 an acre using the figure submitted at trial by the appraiser. For the remaining acreage the trial court used a figure of $100 per acre, the value submitted by Mr. Resch during trial).

| | Total | 74,108.16 |
|---|---|---|

| Mr. Resch | |
|---|---|
| 263 acres of land | 78,900 |

(The trial court did not assign values to the property awarded Mr. Resch. The assumption is that all his land was valued at $300 per acre.)

| Total | 78,900.00 |
|---|---|

Mr. Resch claims that without access to the irrigation well the real value of his awarded property is much less than the $78,900 figure assigned. His claim has no merit. The trial court specifically ordered that Mrs. Resch convey to any purchaser of Mr. Resch's property an easement to use the irrigation well located on her awarded portion of the land.

## DECISION

The trial court did not abuse its discretion in dividing the parties' property and in setting child support.

Affirmed.