In re the Marriage of Fay Frances SULLIVAN, petitioner, Respondent,

v.

Robert Ray SULLIVAN, Appellant.

No. C5-86-590.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Frederick J. Ojile, Messinger, Norton & Ojile, Minneapolis, for respondent.

Barry A. Sullivan, Stockman, Sullivan & Sadowski, Coon Rapids, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Robert Ray Sullivan appeals the district court's order that certain real estate be sold and the proceeds placed in trust to pay child support. We affirm.

## FACTS

The March 27, 1984 judgment dissolving the marriage of appellant Robert Sullivan and respondent Fay Sullivan, requires appellant to make monthly child support payments. Pursuant to this judgment appellant was also awarded a lake cabin in Wright County. Although appellant now alleges that he inherited this property, it was not classified as nonmarital property in the judgment. Paragraph 4(c) of the judgment specifically stated that if appellant sells the cabin, he must purchase $100,000 worth of life insurance for the benefit of the child.

Shortly after the judgment, appellant moved to Colorado. By December of 1984, he had stopped making child support payments. Respondent made numerous unsuccessful attempts to collect child support from appellant. Appellant's responses showed he had no intention of making any further support payments. Respondent then made a motion to order the sale of the lake cabin and to place the proceeds in trust for child support. On December 17, 1985 a hearing was held on respondent's motion and the referee recommended ordering the sale of the Wright County property with the proceeds to be placed in trust to pay the child support.

Appellant sought review of the referee's order in district court. That court found the parties had evidenced their intention, in Paragraph 4(c) of the judgment, that the lake cabin would be held as security for the benefit of the child. Because appellant had made no support payments, and had shown no intention to ever do so, the court ordered the sale of the property and the transfer of the proceeds into a trust for the support of the child.

## ISSUE

Did the trial court err in ordering the sale of property awarded to appellant, with the proceeds placed in trust to pay child support which appellant had not paid and did not intend to pay in the future?

## ANALYSIS

The trial court relied primarily on two statutory provisions in justifying its order. Minn.Stat. § 518.57 (1984) states in part:

Upon a decree of dissolution * * * the court may make a further order which is just and proper * * * for the maintenance of any child of the parties * * * as support money, and may make the same a lien or charge upon the property of [either party] either at the time of the entry of the judgment or by subsequent order.

Minn.Stat. § 518.61 states in part:

[T]he court may appoint a trustee * * * to receive any money ordered to be paid as maintenance or support money * * *. The trustee may also receive property which is part of an award under section 518.58, upon trust to invest the same, and pay over the income in the manner the court directs, or to pay over the principal sum in the proportions and at the times the court orders.

The trial court found that appellant was not going to make child support payments and that the property was intended to be security to insure child support payments would be made. This, the court felt, justified ordering the sale pursuant to § 518.57.

The trial court relied on this court's decision in *Gabrielson v. Gabrielson*, 363 N.W.2d 814 (Minn.Ct.App.1985). There, the husband consistently failed to make his court-ordered support payments while the parties were separated. When the marriage was finally dissolved, the trial court granted the husband half of the proceeds from the sale of some land, but placed his share of the proceeds into a trust to secure child support payments. On appeal, this court affirmed, stating that Minn.Stat. § 518.57 authorized the court's actions. The court stated:

Husband's track record shows him repeatedly failing to meet his court-ordered support obligations. Indisputably, the children's best interests will be served by assuring that their needs are timely met through regular child support payments. While it is possible that husband in the future might improve his support payment record, under the facts of this case we can find no error in the trial court's

decision to assure the availability of child support funds by establishing a trust. *Id.* at 816–17. *See Resch v. Resch*, 381 N.W.2d 460, 463 (Minn.Ct.App.1986) (given husband's scarce resources and the needs of the children, establishment of child support trust upheld).

■ Appellant argues that it is well settled that the court has no authority to change a division of property obtained in a decree after the original decree has been entered and the time for the appeal has expired. *See Arzt v. Arzt*, 361 N.W.2d 135, 136–37 (Minn.Ct.App.1985). Specifically, Minn.Stat. § 518.64, subd. 2 (1984) provides that all divisions of real and personal property in a dissolution are final and may be revoked or modified only if the court finds the existence of conditions justifying reopening a judgment under the laws of Minnesota. Appellant claims that the trial court's order to sell the property is an impermissible modification of the final judgment.

To the contrary, the trial court's order simply effectuated the intent of the parties as exhibited by the language of the dissolution judgment. The parties intended that appellant hold the property as security for the benefit of the child. The disposition of this property was tied to the particularized needs of the parties' child. Had the child's needs been provided for by appellant's child support payments, the appellant would have been allowed to decide when to sell the property and thus when to convert the resulting proceeds into a $100,000 insurance policy for the child's benefit. Yet, appellant not only failed to pay court-ordered child support, but he also manifested a clear intent not to make any payments in the future. When the child was deprived of necessary support, the property held for the security was needed immediately. The trial court thus ordered disposition of the property for the benefit of the child pursuant to the agreement between the parties.

■ Appellant further argues that Minn. Stat. § 518.57 does not authorize the court to order the sale of the property. He argues that this provision merely authorizes

the court to make appellant's support obligation a "lien or charge" against the property. This argument must fail because § 518.57 grants the court power to make a further order which is "just and proper," and that the court "may" make this order a lien or charge upon the property. It does not specifically say that the property may not be sold. Because the disputed property was held as security for the payment of child support, we believe the sale is just and proper and that the trial court acted properly.

■ Appellant also claims that the disputed property is nonmarital because he inherited it. Appellant argues that nonmarital property will not be awarded pursuant to Minn.Stat. § 518.58 in the absence of a finding of unfair hardship. Because the provisions which allow placing property in trust specifically limit the source for funding the trust to property awarded pursuant to Minn.Stat. § 518.58, appellant contends that the court erred in funding the trust with this property.

The record does not support appellant's contention that the property is nonmarital. Although appellant was represented by counsel during the initial proceedings, the property was never categorized as nonmarital and it was distributed pursuant to the dissolution judgment. Given these facts, along with the presumption that property acquired during marriage is marital property, appellant may not now successfully claim that the property is nonmarital.

### DECISION

The trial court did not err in ordering the sale of appellant's property with the proceeds placed in trust to make child support payments.

Affirmed.