**In re the Marriage of Doris E. ULRICH, n.k.a. Doris E. Cameron, Petitioner, Respondent,**

v.

**Mark J. ULRICH, Appellant.**

**No. C2-86-1437.**

Court of Appeals of Minnesota.

Feb. 3, 1987.

Robert B. Varco, Berglund & Varco, Ltd., Anoka, for respondent.

John P. Guzik, Roseville, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Mark Ulrich questions the trial court's refusal to forgive child support arrearages or decrease future support. Appellant also contends the court erred in ordering a private sale of property and requiring that the proceeds remaining after payment of child support arrearages be held in trust for payment of future support. Finally, appellant claims the court erred in awarding attorney fees to respondent Doris Ulrich. We affirm in part but remand (1) for findings needed on the issues of child support modification and arrearages, and (2) for reconsideration of the homestead sale dispute.

## FACTS

The parties' marriage was dissolved in September 1982. In October 1982, the parties filed a stipulation for child support. Pursuant to the divorce decree, respondent Doris Ulrich was awarded the parties' homestead, subject to appellant's lien for 50 percent of the net proceeds upon sale of the property. The decree provided respon-dent with continued use and possession of the property until one of four conditions occurs: (1) Doris Ulrich moves from the premises; (2) the last living child of the parties attains his eighteenth birthday or is otherwise emancipated; (3) Doris Ulrich re-marries; or (4) Doris Ulrich resides in the homestead with an unrelated adult male for a period of time longer than 30 consecutive days. The decree ordered the property sold as soon as practicable upon the happening of one of these events.

Respondent has been residing with her current husband in the subject premises since August 1984. In November 1985, appellant Mark Ulrich contacted respondent to begin proceedings for the sale of the property. The parties were not able to agree upon the value of the property, and both parties petitioned the court to resolve the disagreement.[1]

In February 1986, Mark Ulrich brought a motion seeking relief related to the sale of the home and an award of $500 for attorney fees. In April 1986, Doris Ulrich opposed appellant's motion and asked the court for an order granting judgment for child support arrearages of $350 per month from August 1984 through April 1986. Respondent also moved the court for relief regarding the sale of real estate and for attorney fees. In addition, she asked for an order:

1. Requiring the proceeds due Mark Ulrich from the sale of the real property be applied to satisfy child support arrearages, marital debts, and attorney's fees.

2. Securing appellant's remaining share of the sale proceeds in trust to ensure timely payment of future child support.

In May 1986, Mark Ulrich brought a responsive motion for an order reducing his

1. The decree provided:
   [I]f the parties cannot agree as to the selling price or methods of handling the sale, or if either party should choose to buy out the other party at the time of the sale, either party, upon proper notice to the other party, shall have the right to seek from the Court an Order resolving the disagreement concerning the liquidation of the property and the cost of such Court proceeding shall be divided equally between the parties. That each of the parties shall have the right to appoint an appraiser, the Court would appoint an appraiser, and then from the three appraisals, the Court would then determine the value of the homestead for the purposes of said sale.

child support obligations and forgiving all arrearages from August 1984 through May 1986.

In its subsequent order, the trial court did not order a sale of the property pursuant to the dissolution decree. Instead the court obtained an agreement from the parties and, pursuant to this agreement, ordered the property sold privately to whichever party made the highest cash bid. The court further ordered appellant to pay respondent $6150 for child support arrearages. The court apparently determined this amount by multiplying 21 months times $350 per month, and then subtracting the $1200 appellant had paid during the 21-month period. The court further ordered appellant to pay child support arrearages out of his share of the proceeds from the sale of the property. The court imposed a lien on the sale proceeds due appellant after payment of arrearages, to secure payment of future child support. Finally, the court ordered appellant to pay respondent's attorney $250 for attorney fees. The court denied each of appellant's motions.

### ISSUES

1. Did the trial court err in refusing to forgive child support arrearages?

2. Did the trial court err in refusing to reduce appellant's future child support obligation?

3. Did the trial court err in ordering the establishment of a trust for future payment of child support?

4. Did the trial court err in modifying the method of sale provided for in the original decree?

5. Did the trial court err in ordering appellant to pay respondent's attorney fees?

### ANALYSIS

#### I.

A retroactive decrease in child support is allowed only upon a showing that failure to pay in accordance with the terms of the original award was not willful. Minn. Stat.

§ 518.64, subd. 2 (Supp.1985); *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct. App.1984). The parties entered a stipulation for the amount of child support approximately two months after the divorce decree was filed. Appellant contends he entered into this stipulation with the understanding that his business income would increase and that he would be reasonably able to pay those amounts. However, appellant claims the stipulated amount of support turned out to be in excess of his financial ability.

Appellant's claim of inability to pay the stipulated amount is an essential element for determining whether the failure to pay past child support was willful. However, the trial court made no findings as to appellant's financial circumstances and simply concluded that appellant "willfully disregarded his child support obligations."

Respondent contends that the trial court denied reduction and forgiveness of support arrearages because the appellant had the present ability to earn a respectable wage if he sought employment in the occupation for which he is trained. Appellant was employed as a carpet layer during the four years prior to the dissolution. Respondent reports that appellant's annual gross income during that period was in excess of $21,000. Appellant is now self-employed and claims a significant decrease in income. As demonstrated by his tax returns, appellant's 1984 gross income was $6541 and his 1985 gross income was $8592. However, respondent disputes the amount of income appellant reported for purposes of his 1984 and 1985 income tax.

Respondent is correct in asserting it is proper to look beyond an obligor's earnings to his proven earning capacity, and to disregard any inability to pay that is voluntary on the part of the obligor. *Hopp v. Hopp,* 279 Minn. 170, 175–177, 156 N.W.2d 212, 217–218 (1968); *Meisner v. Meisner,* 220 Minn 559, 560–61, 20 N.W.2d 486, 487–88 (1945); *Resch v. Resch,* 381 N.W.2d 460, 462 (Minn.Ct.App.1986). However, due to the lack of findings we do not know that the trial court denied this motion because

appellant was voluntarily underemployed. The record includes evidence that suggests appellant suffered inability to pay support because of decreased income. In light of this evidence, the trial court must have either (1) disbelieved appellant's evidence of decreased income; (2) believed appellant experienced decreased income but nonetheless felt appellant could have paid the stipulated amount; or (3) believed appellant experienced decreased income because appellant was voluntarily underemployed.

■ The court's conclusory finding of willfulness does not satisfy the need for findings. *Westgor v. Grimm,* 318 N.W.2d 56, 59 (Minn.1982). The court must "find the facts specially and state separately its conclusions of law * * *." Minn.R.Civ.P. 52.01. The Minnesota Supreme Court has emphasized the need for findings in order to assure consideration of the statutory factors, to satisfy the parties that the case was fairly considered, and to aid appellate review. *See, e.g., Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). We remand this case for findings indicating the basis for the court's conclusion that appellant's failure to pay child support was willful. The court may hold a hearing if additional evidence is needed to make the findings.

## II.

■ The trial court summarily denied appellant's motion for reduced future child support. To determine whether a child support modification is warranted courts must consider the four factors listed in Minn.Stat. § 518.64, subd. 2, along with the needs of the children, and determine whether there is a substantial change in circumstances that makes the original award unreasonable and unfair. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986). If so, the court should then determine the appropriate modification according to the laws governing the setting of support in an original proceeding under Minn.Stat. § 518.64, subd. 1 (1986). *Id.*

Appellant presented sufficient evidence of decreased income from which the court could have found a substantial change in circumstances. The trial court denied appellant's motion for modification of child support without any findings. Due to the lack of findings we are again unable to determine whether the trial court (1) disbelieved appellant's evidence of decreased income, (2) believed appellant experienced decreased income but nonetheless felt appellant could have paid the stipulated amount, or (3) believed appellant experienced decreased income because appellant was voluntarily underemployed.

■ Consistent with our holding on the forgiveness issue, we remand the case to the trial court to find whether a substantial change in circumstances renders the terms of the original decree unreasonable and unfair. The court should also consider whether appellant's decreased income is a result of voluntary underemployment, as that determination is relevant to future support obligations as well as support arrearages. *See Hopp,* 279 Minn. at 175–177, 156 N.W.2d at 217–218 (rule applied to child support arrearages and future support); *Resch,* 381 N.W.2d at 462 (rule applied to future child support). If the trial court finds that appellant has decreased income due to voluntary underemployment, appellant will not be able to rely on his decreased income as a substantial change in circumstances justifying modification of the support award.

## III.

■ The court may impose a lien on the obligor's property to assure payment of future child support. Minn.Stat. §§ 518.57, 518.64 (1984). Further, this court has recognized that establishment of a trust, authorized by Minn.Stat. § 518.57, is a viable means of assuring future child support payments and is appropriate where the obligor "repeatedly fail[s] to meet his court-ordered support obligations." *Gabrielson v. Gabrielson,* 363 N.W.2d 814, 816 (Minn. Ct.App.1985). *See also Sullivan v. Sullivan,* 393 N.W.2d 521 (Minn.Ct.App.1986); *Resch,* 381 N.W.2d at 463. Appellant does not dispute the fact that he has failed to

pay child support for a significant portion of time since the dissolution and stipulation. Appellant nonetheless claims that the establishment of a trust is improper because he has not willfully disregarded his child support obligation. Establishment of a trust is not dependent on a finding of willfulness. Where the obligor repeatedly fails to meet his court-ordered support obligations, the trial court is justified in establishing a trust from the proceeds of the sale of marital property.

The record supports a finding of repeated failure to meet support obligations. The order for a trust as security for future child support is authorized by law, and based on the facts here, was within the court's discretion.

### IV.

■ The trial court did not order sale of the property pursuant to the dissolution decree. Instead the court obtained an agreement from the parties to conduct a private sale of the property. Appellant concedes that such an agreement took place, but he believes the agreement should not be given effect in light of subsequent events. At the time appellant agreed to the private sale appellant believed he would be entitled to receive full payment on his 50 percent lien on the property. Appellant claims he would then be in a financial position to bid on the purchase of the former homestead. However, in the order stating the parties' agreement, the trial court also ordered appellant's child support arrearages paid out of appellant's share of the sale proceeds (such arrearages total over $9000) and imposed a lien on the remaining proceeds to secure payment of future child support. Appellant states that these provisions preclude him from purchasing the

property. Thus, he says, the agreement to sell the property at a private sale now works a severe hardship because respondent will be the only person bidding on the property and will only have to bid a nominal amount to secure title free of appellant's 50 percent lien.

Appellant's agreement has become an unjust basis for the decision to sell the property at a private sale between the parties. The trial court order for payment of arrearages and a trust of appellant's share of the sale proceeds surely and materially diminished appellant's ability to bid on the property.

Properly disregarding the discredited agreement between the parties, the question is whether the trial court had independent cause to order the private sale to a party. A trial court has the power to clarify and construe a divorce judgment[2] so long as it does not change the parties' substantive rights. *Hanson v. Hanson*, 379 N.W.2d 230, 233 (Minn.Ct.App.1985). The order for a private sale between the two parties, where only one of the parties is in a position to bid, substantially affects the value of appellant's lien and therefore affects the division of property. *See Stromberg v. Stromberg*, 397 N.W.2d 396 (Minn.Ct.App.).

■ While provisions for maintenance and support may be subject to modification, property divisions are final and not subject to modification except where they are the result of mistake or fraud. *Kerr v. Kerr*, 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976); Minn.Stat. § 518.64 (1984 & Supp. 1985). In *Kerr* the supreme court considered whether a trial court had authority to modify a dissolution decree provision governing the sale of the parties' former homestead. In reaching its holding,[3] the

---

**2.** Trial courts also have the power to implement and enforce specific provisions of a dissolution decree. *See Linder v. Linder*, 391 N.W.2d 5, 8 (Minn.Ct.App.1986) (court ordered the property listed at a set price and required acceptance of any offers with a certain price range); *Hanson v. Hanson*, 379 N.W.2d 230, 233 (Minn.Ct.App. 1985) (court converted one party's share of the parties' personal property to a cash award after

the parties were unable to physically divide up the property); *Sullivan v. Sullivan*, 374 N.W.2d 517, 519 (Minn.Ct.App.1985) (court replaced the former husband who was the real estate agent selling the parties' home with a neutral realtor when the parties could not agree on the sale price or other terms of the sale).

**3.** The trial court in *Kerr* modified the portion of the divorce decree governing the conditions that

court concluded that the portion of the divorce decree awarding the custodial parent the fee interest in the homestead subject to the noncustodial parent's lien interest is "unquestionably a division of property" and "not subject to modification." *Kerr*, 309 Minn. at 126–27, 243 N.W.2d at 314–15.

■ Absent an appropriate agreement of the parties, the trial court lacked authority to order a private sale of the parties homestead. On remand the trial court must resolve any disputes concerning the sale of the property according to the provisions of the divorce decree.

## V.

In dissolution proceedings, the court may require one party to pay attorney fees for the other party. *See* Minn.Stat. § 518.14 (1984). An award of attorney fees is within the trial court's discretion and will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984). The award of attorney fees in this case was not an abuse of discretion.

## VI.

The trial court found appellant owed Anoka County $200 for July 1982 child support. The trial court entered judgment in favor of Anoka County for $3247, representing the total amount of arrearages due the county, including those for July 1982. Appellant claims the county already has a

judgment against appellant for $3047 and therefore the trial court erred in entering judgment for that portion of the arrearages. On remand the trial court should vacate that portion of the judgment that is duplicative of a previous judgment entered against appellant and in favor of Anoka County.

## DECISION

We affirm the trial court's order for a trust to be established from the sale proceeds due appellant upon the sale of the parties' former homestead. We affirm the court's award of attorney fees to respondent. We reverse the portion of the order adopting the parties' agreement to sell the house at a private sale and the court is instructed to resolve any disputes concerning the sale of the property according to the provisions of the divorce decree. We remand to the trial court for findings on the issues of arrearages and modification of child support. Finally, the trial court must vacate that portion of its judgment that is duplicative of the judgment previously entered for Anoka County.

Affirmed in part, reversed in part, and remanded for findings.

require payment of the noncustodial parent's lien. The supreme court held that the provisions postponing realization of the lien were in

the nature of child support and therefore were subject to modification. *Kerr*, 309 Minn. at 127–28, 243 N.W.2d at 315.