In re the Marriage of Edwin Charles POTTER, Petitioner, Appellant,

v.

Anne Maria POTTER, Respondent.

No. C7–91–55.

Court of Appeals of Minnesota.

June 11, 1991.

Charles T. Agan, Olson, Usset, Agan & Weingarden, Edina, for appellant.

Stephen R. O'Brien, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant challenges the trial court's order that his property be sold to satisfy respondent's lien. We affirm.

## FACTS

The parties' marriage was dissolved in 1986. The judgment and decree ordered appellant to pay $50,000 to respondent in monthly installments as part of the property division. The decree awarded a parcel of real property to appellant, subject to a lien in respondent's favor to secure the property award. This property is now appellant's homestead.

Appellant did not make all of the required property division payments. The decree did not specify how the lien should be enforced in the event of default. Thus respondent moved for an order directing the sale of the property. The trial court ordered the property to be immediately listed for sale at fair market value with a licensed realtor agreeable to both parties. Upon sale of the property, respondent was to receive the sum owed to her.

Appellant argues the property must be foreclosed rather than sold so he does not lose his right of redemption. Appellant does not want his homestead property sold because he will lose protection from other

lien creditors. In particular, the property is also subject to a lien interest in favor of the Internal Revenue Service.

## ISSUE

Did the trial court err in ordering the sale of appellant's property subject to respondent's lien securing the property division?

## ANALYSIS

A lien on a homestead is a division of property. *Kerr v. Kerr,* 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976). A trial court may not modify a division of property. Minn.Stat. § 518.64, subd. 2 (1990); *Erickson v. Erickson,* 452 N.W.2d 253, 255 (Minn.App.1990). However, a trial court may issue appropriate orders implementing or enforcing the provisions of a dissolution decree. *Id.* A trial court has the power to clarify and construe a divorce judgment so long as it does not change the parties' substantive rights. *Ulrich v. Ulrich,* 400 N.W.2d 213, 218 (Minn.App.1987).

Appellant argues respondent must enforce her lien by foreclosure because the sale of his homestead will significantly alter his substantive rights. Specifically, he asserts his right of redemption under the foreclosure process will be lost. As a result, appellant will lose his protection from the other lien creditors. We disagree.

Appellant relies upon *Ulrich* for support. In *Ulrich* the trial court ordered a private sale of a homestead owned by the wife and subject to the husband's lien. The property was to be sold to whichever party made the highest cash bid. *Id.* at 216. This court held the trial court lacked authority to order a private sale because only the wife was in the financial position to bid and therefore the value of the husband's lien was adversely affected. *Id.* at 218. Thus the sale violated the rule against modification of property divisions.

Here, the trial court ordered a public sale; thus the danger of an artificially low or unfair sale price is not present. Moreover, such a sale will not affect the value of appellant's interest. The sale proceeds will cover the delinquent monthly installments he is legally obligated to pay

pursuant to the original decree's property division. Therefore appellant's substantive rights have not been changed. He will receive neither more nor less than under the original decree.

We acknowledge respondent could have foreclosed her lien upon the property. *See Erickson,* 452 N.W.2d at 256. We point out, however, foreclosure is not the only means available to the trial court to enforce a lien provision in a dissolution decree. The paramount concern is whether the parties' substantive rights are changed. In this case, the decree did not provide expressly for a means to enforce respondent's lien. Thus the trial court simply issued an appropriate order to implement and enforce the dissolution decree and did not improperly modify the terms of the property award. We do not find a clear abuse of discretion and therefore affirm the trial court's order requiring the sale of appellant's property.

Respondent's request for attorney fees on appeal is denied.

## DECISION

The trial court properly ordered the sale of appellant's property to satisfy respondent's lien.

Affirmed.