*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2298**

Harold B. Kaeding, petitioner,
Respondent,

vs.

Monica S. Soleta, f/k/a Monica S. Kaeding,
f/k/a Monica S. B. Jurupe,
Appellant,

Zoraida Franco,
Respondent

**Filed November 17, 2014
Reversed and remanded
Worke, Judge**

Hennepin County District Court
File Nos. 27-FA-000292526, 27-FA-05-1229

Harold B. Kaeding, Eden Prairie, Minnesota (pro se respondent)

Susan M. Gallagher, Gallagher Law Office, L.L.C., Eagan, Minnesota; and

Jane Van Valkenburg, Dove Fretland & Van Valkenburg, PLLP, Minneapolis, Minnesota
(for appellant Monica Soleta)

Zoraida Franco, Eden Prairie, Minnesota (pro se respondent)

        Considered and decided by Worke, Presiding Judge; Kirk, Judge; and Reyes,

Judge.

**UNPUBLISHED OPINION**

**WORKE**, Judge

Appellant-wife argues that the district court abused its discretion by failing to order the sale of the parties' former marital home to satisfy her marital lien. We reverse and remand with instructions to grant appellant's motion to compel the sale of the home.

## FACTS

Appellant Monica S. Soleta, f/k/a Monica S. Kaeding, f/k/a Monica S. B. Jurupe, and respondent Harold B. Kaeding dissolved their marriage in 2006. The parties' stipulation, incorporated into their judgment and decree, granted Kaeding the marital home subject to Soleta's marital lien. Kaeding was to pay Soleta $29,000 in accordance with a monthly payment schedule culminating in a final payment on July 15, 2009. If Kaeding failed to make a payment within 30 days of its due date, Soleta was "entitled to seek an accelerated hearing . . . to be held within five days of her filing and serving a motion for the sale of the homestead."

In August 2009, after Kaeding's payments fell severely delinquent, Soleta moved the district court to order Kaeding to pay her the balance due. In November 2009, the district court found that Kaeding owed Soleta $17,600, and ordered him to pay her the full amount within 90 days of the order, or the district court would compel the sale of the home. Kaeding failed to abide by the district court's order, and the court issued a summary real estate disposition judgment. But Soleta's attempt to attach the summary

real estate disposition judgment to the property was rejected because Kaeding had quit-claim deeded the property to his current wife, respondent Zoraida Franco.[1]

Throughout the duration of these proceedings, Kaeding's refusal to abide by the district court's orders has been audacious.[2] And in October 2011, the district court found Kaeding in constructive civil contempt for failing to make a single payment to Soleta since the court's November 12, 2009 order, and failing to sell the home as ordered. Kaeding's 90-day sentence was stayed if he met certain conditions; however, none of his purge conditions related to settling his debt to Soleta. Following review hearings on Kaeding's civil-contempt status, the district court found that Kaeding was not credible about his ability to work. The court also found that Kaeding discontinued social-security-insurance (SSI) benefits in favor of general-assistance benefits after his SSI benefits were garnished for child-support arrears. This deprived his two children with Soleta of monthly support. The district court also found that Kaeding failed to disclose his receipt of monthly rental income.

At a hearing in September 2013, the district court expressed concern that proceeds from the sale of the home would be insufficient to satisfy Soleta's lien because evidence Kaeding submitted showed that he owed nearly $336,000 on a home with a tax value of

---

[1] The district court later found that Kaeding's transfer of the property to Franco was fraudulent.

[2] In October 2010, when the district court awarded Soleta sole physical and legal custody of the parties' two minor children, the court found Kaeding's disregard for court orders "brazen," and that he is not credible, is untruthful, manipulative, vindictive, and "incapable of placing the children's best interests before his own preferences."

3

$356,000.[3] The district court was also concerned that the sale of the home would negatively impact the parties' children. The children's guardian ad litem (GAL) suggested that Soleta would alienate her son if she insisted on a sale. But she also stated that Kaeding needed to face the consequences of his behavior to present a proper role model for his children.

In October 2013, the district court found that Kaeding refused to make a single payment to Soleta over four years and owes her $17,600. But while finding that Soleta was entitled to enforcement of her property rights, the district court found that she sought to sell the home as "punishment" of Kaeding. In denying Soleta's motion to compel the sale of the home, the district court's most "significant considerations" included that the sale of the home would not result in payment to Soleta and it would result in Kaeding's family, including the parties' two children, losing their home. This appeal followed.

## DECISION

Soleta's marital lien is a method of distributing property in a dissolution proceeding. *See Charlson v. Charlson*, 374 N.W.2d 473, 476 (Minn. App. 1985) ("A lien on a homestead is a division of property."). "[A]ppellate courts will not alter a district court's property division absent a clear abuse of discretion or an erroneous application of the law." *Sirek v. Sirek*, 693 N.W.2d 896, 898 (Minn. App. 2005); *see Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984) (stating that a district court abuses its discretion when its resolution of a matter is "against logic and the facts on record"). While the district

---

[3] The district court noted that a realtor opined that the home would not likely sell for its tax value.

court "may issue appropriate orders implementing or enforcing specific provisions of the dissolution decree," it "may not modify a division of property after the original judgment has been entered and the time for appeal has expired." *Erickson v. Erickson*, 452 N.W.2d 253, 255 (Minn. App. 1990); *see Ulrich v. Ulrich*, 400 N.W.2d 213, 218 (Minn. App. 1987) (concluding property divisions are final and not subject to modification except when they are result of mistake or fraud).

Soleta contends that after Kaeding stopped making payments, the district court was required to enforce the stipulated dissolution decree by ordering the immediate sale of the home to satisfy her marital lien.

Stipulated dissolution decrees are treated as binding contracts. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). "[I]f language is reasonably subject to more than one interpretation, there is ambiguity." *Halverson v. Halverson*, 381 N.W.2d 69, 71 (Minn. App. 1986). Whether a dissolution decree is ambiguous is a question of law. *Tarlan v. Sorensen*, 702 N.W.2d 915, 919 (Minn. App. 2005).

Here, the parties stipulated that if Kaeding failed to make a payment, Soleta was "entitled to seek an accelerated hearing . . . to be held within five days of [her] filing and serving a motion for the sale of the homestead." Although the parties likely anticipated that Soleta's motion to sell the home would be granted because this was the intended remedy to satisfy her marital lien, the stipulation provides that Soleta is entitled only to seek a hearing and file a motion for the sale of the home. This stipulation is not ambiguous; thus, contrary to Soleta's assertion that the district court was required to order the immediate sale of the home, the district court was only required to hold a

hearing and rule on a motion, which the district court properly did. However, the district court's findings and reasons for denial of the motion are not supported by the record; thus, the district court abused its discretion by denying Soleta's motion. *See Rutten*, 347 N.W.2d at 50 (stating that a district court abuses its discretion when its resolution of a matter "is against logic and the facts on record").

First, there is no support in the record for the district court finding that Soleta sought sale of the home to punish Kaeding. It is Soleta's right to enforce the stipulated dissolution decree. Indeed, the sole reference to "punishment" in the record relevant to the marital-lien issue is the GAL's statement that Kaeding needed to face the consequences of his behavior to present a proper role model for his children.

Next, the district court found that the sale of the homestead would result in the parties' children losing their home. *See Schuck v. Schuck*, 390 N.W.2d 2, 4 (Minn. App. 1986) (stating that a district court validly exercises discretion regarding a home when the children's best interests favor retaining the home and the parties' financial conditions allow it). But Soleta was awarded sole legal and sole physical custody of the children in October 2010. *See Thomas v. Thomas*, 356 N.W.2d 76, 79 (Minn. App. 1984) (noting awarding *custodial* parent the marital home can be in nature of child support). Kaeding is not the custodial parent. The children do not spend a lot of time in the home. Additionally, the children are currently 15 and 17 years old, nearing ages when they will no longer reside with their parents full time.

Additionally, the district court found that Soleta would alienate her son if she forced the sale of the home. But the record shows that Kaeding played a significant role

6

in the creation of Soleta's strained relationship with their son. Soleta was awarded sole custody of the children. *See* Minn. Stat. § 518.17, subd. 1(a)(13) (2012) (stating that in evaluating custody, one of the best-interests-of-the-child factors is the disposition of each parent to encourage the child's relationship with the other parent). Thus, the district court's finding on this point is not supported by the record, which shows that Soleta's parenting challenges have little to do with her attempt to enforce the marital-property division.

Further, the district court found that Kaeding "elected" to end payments to Soleta. This shows that Kaeding has the means to pay Soleta, but has chosen to not pay her. Without enforcement of the stipulated dissolution decree Soleta is without a remedy, which changes her substantive rights. *See Potter v. Potter*, 471 N.W.2d 113, 114 (Minn. App. 1991) (stating that a district court may implement or construe the provisions of a judgment and decree, but it cannot change the parties' substantive rights).

Finally, the district court determined that selling the home would not result in payment to Soleta. While this may be true, Soleta is entitled to enforce her right to recover the $17,600 that Kaeding owes her. The district court provided no remedy other than waiting for the property value to increase. This is not what the parties agreed to. Because the district court abused its discretion by denying the motion to sell the home, we reverse and remand with instructions to the district court to grant Soleta's motion to compel the sale of the home. Kaeding shall be ordered to satisfy the full lien amount using proceeds from the sale of the home, and in the event that the sale does not produce

the amount necessary to satisfy the full lien, Kaeding shall be ordered to pay Soleta the balance using other funding sources.

**Reversed and remanded.**