*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1178**

In re the Marriage of:
Margie Ann Nelson, petitioner,
Respondent,

vs.

Merlin Berdeen Nelson,
Appellant

**Filed May 11, 2015
Affirmed
Worke, Judge**
Roseau County District Court
File No. 68-F6-05-000771

Nora L. Crumpton, Anderson Law Offices, P.A., Warroad, Minnesota (for respondent)

Kevin T. Duffy, Thief River Falls, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Worke, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's order directing the sale of the marital home in order to enforce the judgment and decree. We affirm.

# FACTS

As part of the judgment and decree dissolving the parties' marriage, respondent Margie Ann Nelson (wife) was awarded exclusive possession of the marital home, though appellant Merlin Berdeen Nelsen (husband) retained part ownership. The dissolution judgment specified that

> [u]pon graduation of the youngest child from high school, [the marital home] shall be sold, at the highest price obtainable. The sale proceeds shall first be used to reimburse [husband] for his non-marital interest of $20,200.00 in the property. The balance of the sale proceeds shall be divided equally between the parties.

The parties' youngest child graduated from high school in 2013. Wife retained a real estate agent to help sell the property, but husband refused to sign the listing agreement. The listing agreement specified that certain fees would be paid to the realtor upon the sale of the property.

An offer of $158,000 ($160,000 less $2,000 in seller-paid closing costs) was extended by third-party buyers; wife and the third-party buyers entered into a purchase agreement in early 2014. Husband did not sign the agreement; instead, he suggested purchasing the property himself. Wife and the third-party buyers were scheduled to close on the property on March 28, 2014, but husband had neither signed the purchase agreement nor made an offer of his own by that time.

Wife moved to enforce the judgment and decree. The day before the hearing, husband offered to buy the property for $158,000.[1] Following the hearing, the district court ordered the sale of the property to the third-party buyers.

Husband appeals.

# DECISION

A district court "may issue appropriate orders implementing or enforcing the provisions of a dissolution decree." *Potter v. Potter*, 471 N.W.2d 113, 114 (Minn. App. 1991). Decisions of the district court in this regard will not be overturned absent an abuse of discretion. *Id*.

Husband argues that the district court abused its discretion because ordering the sale of the property to the third-party buyers violated the dissolution decree. The decree specified that the property be sold "at the highest price obtainable." Husband contends that a sale to the third-party buyers will result in "less net proceeds" to the parties and attempts to characterize the language of the decree as mandating that the parties "maximize their financial benefit." The decree does not use husband's preferred phrases. Obtaining the "highest price" and distributing the proceeds according to the decree is consistent with the district court's order directing the sale to the third-party buyers.

But even if the decree mandated that the parties maximize their financial benefit, husband's arguments fail. Husband argues that $2,000 in seller-paid closing costs need not be paid if he is the purchaser. But the third-party buyers' offer was $160,000 with a

---

[1] The specific offer was to buy wife's interest in the property "for one half of $158,000."

proviso that $2,000 of their closing costs would be paid by the seller. Husband's offer was $158,000. The prices offered by both prospective buyers are equal.

Husband also argues that no real-estate-agent commission would be deducted from the sale proceeds if the sale is made to him instead of the third-party buyers. This is so, husband asserts, because he did not sign the real estate listing agreement and thus the agreement is not valid. Husband's claim is impossible to verify because the listing agreement is not part of the record. Thus, there is no basis to overturn the district court's conclusion that wife "will have to pay [real estate agent] fees for any sale of th[e] property in accordance with [the] listing agreement." The district court's determination is not against the facts in the record, and therefore not an abuse of discretion. *See Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984) (stating that a district court abuses its discretion when a conclusion is against logic and the facts in the record).

Finally, husband argues that the district court impermissibly altered his substantive rights. *See Ulrich v. Ulrich*, 400 N.W.2d 213, 218 (Minn. App. 1987) ("A [district] court has the power to clarify and construe a [dissolution] judgment so long as it does not change the parties' substantive rights."). This argument depends upon the validity of husband's first two arguments: husband argues that his substantive rights were infringed because he "will receive less net proceeds from the sale . . . to the [third-party buyers]." Because his prior arguments fail, this argument is robbed of its foundation. Furthermore, husband's substantive rights regarding the inevitable sale of the property have not changed since the judgment and decree. That decree specified that his substantive rights were: (1) he held part ownership of the property, (2) sale proceeds would first be used to

4

satisfy his $20,200 interest, and (3) he would receive an equal share of remaining proceeds. Husband never had the substantive right to be preferred over an equal bidder, much less one whose offer was first in time. He never had the right to proceeds free of real-estate-agent commissions.

The district court's order was a valid enforcement of the judgment and decree. *See Potter*, 471 N.W.2d at 114 (stating that a district court may choose among different means of enforcing a dissolution decree and that the "paramount concern is whether the parties' substantive rights are changed").

**Affirmed.**