*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1995**

In re the Marriage of:

Vitamin, petitioner,
Appellant,

vs.

Misha Gordin,
Respondent.

**Filed December 7, 2015
Affirmed
Reilly, Judge**

Stearns County District Court
File No. 73-F6-05-005053

Christina L. Kilby, Bradford Law Office, Ltd., Hutchinson, Minnesota (for appellant)

Charles M. Schiff, St. Cloud, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Rodenberg, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant-wife Vitamin challenges the district court's division of property with respondent-husband Misha Gordin in this marital-dissolution case. Because we

determine that a portion of appellant's appeal is time-barred and the district court did not abuse its discretion on the remaining issues, we affirm.

## FACTS

The facts of this case are set forth in an earlier appeal. *Vitamin v. Gordin*, No. A08-1565, 2009 WL 4251054, at * 1 (Minn. App. Dec. 1, 2009). The district court issued a judgment in April 2008 and an amended judgment in July 2008 dissolving the parties' marriage and dividing the parties' marital property, including husband's artwork. An appraiser inventoried the artwork and determined that, "[o]f all three methods of gathering information regarding [husband's] inventory, [the appraiser] consider[ed] [husband's] personal inventory sheets to be the most reliable." The district court classified approximately 522 works of art as marital property based upon the appraisal, but determined that certain images designated as artist proofs were committed to husband's children according to the parties' agreement.[1] The district court equitably divided the remainder of the artwork between the parties. The district court ordered the parties to divide the artwork either by agreement or through a neutral third party within 90 days of the date of entry of judgment. Wife appealed the judgment, challenging the district court's factual findings regarding the in-kind division of the artwork. We affirmed, holding that the district court "went to considerable lengths to assure an equal in-kind division of the marital art" and we "[could not] say that an equal in-kind division of [husband's] marital art is an abuse of its broad discretion, especially where that illiquid art constituted the bulk of the parties' marital estate." *Id*. at * 7.

---

[1] The parties did not provide the district court with the number of artist proofs.

The district court issued an order in February 2013, finding that the parties had not divided the marital property as ordered in the 2008 amended judgment. The district court found that the appraiser's inventory of husband's artwork "provide[d] the most complete and accurate list of the marital property to be divided" and ordered the appointment of a third-party neutral to divide the marital property in the art inventory, based upon the appraisal. When the parties continued to disagree, the district court issued an order in July 2013 appointing a third-party neutral and ordering a method of division which involved laying the artwork facedown and allowing each party to take turns selecting from the pile until each piece of art had been selected.

In May 2014, wife moved for an order directing husband to provide the artwork for inspection and seeking a "numerical formula" for the division of the artwork. Wife also objected to the district court's 2008 order regarding the artist proofs. Husband filed a responsive motion stating that there were only 441 works of art for division based upon his records, "which [the appraiser] accepted as accurate in the preparation of her appraisal." Wife argued that there were more than 441 works of art and demanded a specific number. The district court judge declined, stating that it would be like "pulling a number out of the air," as neither party had provided the court with information about the number of works of art.

The district court denied wife's motion in an October 2014 order. The district court stated that it had previously ruled on the method of division of the artwork in its July 2013 order, and wife failed to timely file a request for modification. The district court ordered husband to produce "all marital images available to him . . . but not less

3

than the 441 images acknowledged" for division pursuant to the method outlined in the July 2013 order. The district court underscored that the method of division did not alter the July 2008 amended judgment, which awarded husband and wife one-half of the artwork, less the artist proofs. The district court ordered the division to take place within 120 days of the date of the order and refused to entertain additional motions or requests for relief until after the division had been accomplished. This appeal followed.

## D E C I S I O N

Wife raises three arguments on appeal. First, she claims that the October 2014 order alters the rights of the parties established in the July 2008 amended judgment. Second, wife challenges an award in the July 2008 amended judgment relating to the artist prints. Lastly, wife claims that the district court erred in its division of marital property. We address each argument in turn.

## ANALYSIS

## I.

Wife argues that the district court's October 2014 order impermissibly modified the July 2008 amended judgment. In a marital dissolution action, the district court must make a "just and equitable" division of marital property. Minn. Stat. § 518.58, subd. 1 (2014). The district court "may not modify a division of property after the original judgment has been entered and the time for appeal has expired," although it "may issue appropriate orders implementing or enforcing specific provisions of the dissolution decree." *Erickson v. Erickson*, 452 N.W.2d 253, 255 (Minn. App. 1990); *see also Gossman v. Gossman*, 847 N.W.2d 718, 724 (Minn. App. 2014) (prohibiting district court

4

from modifying property division); *Arzt v. Arzt*, 361 N.W.2d 135, 136-37 (Minn. App. 1985) (same).

In the July 2008 amended judgment, the district court ordered the parties to divide the artwork by agreement or through a neutral third party within 90 days. The parties did not comply. We affirmed the district court's property division in 2009. In February 2013, the district court issued an order stating that the parties had failed to divide the marital property as ordered over four years earlier and ordered the appointment of a third-party neutral. In July 2013, the district court denied wife's motion for amended findings and reaffirmed that "[t]he appropriate method of calculating the number of images to be awarded to [wife] is set forth in . . . the Amended Judgment and Decree dated July 14, 2008." The district court articulated the appropriate "method of effectuating the division" and appointed a retired judge as the neutral. The district court reiterated that the October 2014 order did not alter the 2008 amended judgment awarding one-half of the marital property to each of the parties, less the artist proofs excluded from the marital estate.

Wife argues that the method of division will prevent her from receiving the full value of her award. The parties were in a long-term relationship and amassed a significant art collection. An equal division of marital property is presumptively equitable upon dissolution of a long-term marriage. *Miller v. Miller*, 352 N.W.2d 738, 742 (Minn. 1984). While the district court must make a "just and equitable" division of marital property on the parties, Minn. Stat. § 518.58, subd. 1, "just and equitable," does not necessarily mean equal. *Ruzic v. Ruzic*, 281 N.W.2d 502, 505 (Minn. 1979); *Johns v.*

5

*Johns*, 354 N.W.2d 564, 566 (Minn. App. 1984) ("A trial court's division of marital property need not be mathematically equal."). "A [district] court has broad discretion in evaluating and dividing property in a marital dissolution and will not be overturned except for abuse of discretion." *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002) (citation omitted).

The district court ordered the parties to divide the property several times over the course of several years and they failed to comply. The district court classified approximately 522 works of art as marital property, but recognized that some of these items would be excluded from the marital estate by agreement of the parties. The district court ordered an equal division of the remaining works of art, which husband's records reflect equal 441 works of art. Although wife challenges this number, she has not provided factual support in the record justifying a larger award. The district court judge expressed frustration that even though she directed the parties over the course of the proceedings to give her an accurate inventory of the artwork, the parties did not do so. As the district court judge finally stated, trying to quantify the artwork in the absence of factual evidence would be like "pulling a number out of the air."

The parties failed to provide the district court with information about the total number of works of art in dispute and the only information made available to the district court was the appraiser's inventory list citing 441 works of art. The October 2014 order appropriately directs enforcement of the 2008 amended judgment by ordering husband to produce "all marital images available to him . . . but *not less than* the 441 images

6

acknowledged" for division. This order did not impermissibly modify the July 2008 amended judgment.

A district court is empowered to enforce the provisions of a judgment "so long as the parties' substantive rights are not changed." *Kornberg v. Kornberg*, 542 N.W.2d 379, 388 (Minn. 1996); *see also Linder v. Linder*, 391 N.W.2d 5, 8 (Minn. App. 1986). A party's substantive rights are changed when the district court's order affects the value of a party's interest. *Potter v. Potter*, 471 N.W.2d 113, 114 (Minn. App. 1991). But when a party in a marital dissolution action receives "neither more nor less than under the original decree," the party's substantive rights have not been changed. *Id.* The district court's October 2014 order sought to enforce the 2008 amended judgment by equally dividing the marital property between the parties and therefore did not affect wife's substantive rights.

**II.**

Wife challenges the district court's July 2008 amended judgment related to the award of artist prints to the children. On December 16, 2014, this court issued a special term order dismissing that portion of wife's appeal related to the July 2008 amended judgment on the ground that the appeal was untimely and we lacked jurisdiction to consider the issues raised therein. Our rules and caselaw preclude us from readdressing issues decided in a special term order. *See In re Estate of Sangren*, 504 N.W.2d 786, 788 n.1 (Minn. App. 1993) (refusing to reconsider issue on appeal that was previously ruled on by special term panel); Minn. R. Civ. App. P. 140.01 (prohibiting reargument of issue decided at special term). Accordingly, this court will not reconsider the issue now.

7

## III.

Wife asserts several other arguments that the district court abused its discretion in the October 2014 order by: (1) denying her request to inventory the artwork prior to division, (2) declining to rule on the exact number of works of art in existence, (3) appointing a third-party neutral not to wife's liking, (4) excluding certain artist prints from the marital estate, and (5) dividing the artwork at a location and in a manner objectionable to wife. We apply a deferential abuse-of-discretion standard of review to a district court's order enforcing, implementing, or clarifying the terms of a judgment. *Potter*, 471 N.W.2d at 114.

Wife objects to the October 2014 order but fails to support her factual assertions and conclusory declarations with relevant facts or legal authority. Unsupported claims are treated as waived unless prejudicial error is obvious on mere inspection. *State v. Rossberg*, 851 N.W.2d 609, 619-20 (Minn. 2014) (citing *Kaehler v. Kaehler*, 219 Minn. 536, 537, 18 N.W.2d 312, 313 (1945)). In a marital dissolution action, the burden of proof is on the party asserting the wrongful disposition of marital assets. Minn. Stat. § 518.58, subd. 1a (2014); *Waters v. Fiebelkorn*, 216 Minn. 489, 495, 13 N.W.2d 461, 465 (1944) ("[T]he burden of showing error rests upon the one who relies upon it."). Here, wife has not demonstrated that the district court abused its discretion by declining to order an inventory of the artwork, declining to rule on the exact number of works in existence, appointing a retired judge to act as a third-party neutral after the parties failed to do so, or ordering the parties to divide the artwork at a location and in a manner to

which wife objects.  And as stated above, this court lacks jurisdiction to consider wife's

argument relating to the artist prints.  We therefore affirm the district court's order.

**Affirmed.**