Mirab Y. BAKKEN, f/k/a Mirab Y. Helgeson, Appellant,

v.

Olaf HELGESON, et al., Defendants,

Estate of Olaf Helgeson, et al., Respondents,

Linda L. Winkler, Respondent,

Spruce Shadows, Inc., et al., Respondents.

No. A09–1591.

Court of Appeals of Minnesota.

July 20, 2010.

Richard C. Mollin, Jr., Fosston, MN, for appellant.

Ryan P. Winkler, Nazca Solutions, Inc., Minneapolis, MN, for respondents Estate of Olaf Helgeson, Carol J. Lindgren, Myrna O. Warwick, and Mary A. Hickerson.

I. Jenny Winkler, Dorsey & Whitney LLP, Minneapolis, MN, for respondent Linda L. Winkler.

Ryan K. Kieson, Drahos Kieson & Christopher, PA, Bemidji, MN, for respondents Spruce Shadows, Inc. and Erich Schissel.

Considered and decided by
STONEBURNER, Presiding Judge;
TOUSSAINT, Chief Judge; and
CONNOLLY, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellant Mirab Y. Bakken, f/k/a Mirab Y. Helgeson, challenges the district court's dismissal of her lien-foreclosure action on statute-of-limitations grounds. Because we conclude that the district court did not apply the correct statute of limitations, we reverse and remand.

## FACTS

Appellant and her former husband, Olaf Helgeson, now deceased, owned as tenants in common with Walter Holcomb their homestead on Rural Route 1, Pinewood, Minnesota (the property). A June 15, 1983 judgment dissolved the marriage. It provided in relevant part that appellant would "relinquish her interest in" the property and "have no right, title, interest or equity" in it but gave her "a lien against [the property] in the amount of Five thousand and 00/100 ($5,000.00) payable when the premises are sold." On May 2, 1984, appellant released her lien on the west half of the property. On June 16, 1983, the judgment containing the lien was recorded by the county recorder.

Various portions of the east half of the property were conveyed numerous times. In 1987, Helgeson and Holcomb exchanged deeds conveying the northeast quarter of the property to Helgeson alone and the southeast quarter of the property to Holcomb alone for "One Dollar and other Good and Valuable Consideration" and stating that the "total consideration of this transaction is less than $500.00."

In 1993, Helgeson conveyed the northeast quarter to respondents Carol J. Lindgren, Myrna O. Warwick, Mary A. Hickerson, and Linda L. Winkler; he reserved a life estate for himself. The deed stated that the "total consideration for this transfer is less than $500.00."

In October 1994, Helgeson, Lindgren, Warwick, Hickerson, and Winkler conveyed the south 60 feet of the east 330 feet of the northeast quarter to Holcomb. The deed stated that the "total consideration for this transfer is less than $500.00."

On December 21, 1994, Holcomb conveyed a life estate in the north 60 feet of the west 330 feet of the southeast quarter to Helgeson, with a remainder to Lindgren, Warwick, Hickerson, and Winkler. The deed stated that the "total consideration for this transfer is less than $500.00." Holcomb also conveyed the remaining portion of the southeast quarter, as well as the south 60 feet of the east 330 feet of the northeast quarter, to Wayne H. Yoemans

via a contract for deed for $9,750.00. The contract for deed stated that the parcel was not subject to any liens.

Helgeson died in 2007, extinguishing his life estate. On November 30, 2007, Lindgren, Warwick, Hickerson, and Winkler conveyed to respondent Spruce Shadows, Inc. their entire interest in the property, i.e., (1) the northeast quarter, less the south 60 feet of the east 330 feet, and (2) the north 60 feet of the west 330 feet of the southeast quarter.

On April 14, 2008, Spruce Shadows conveyed the same portion of the property to respondent Erich Schissel, via a contract for deed for $45,995.00. This contract for deed also warranted to Schissel that the parcel was not subject to any liens.

On September 4 and 5, 2008, appellant commenced this action seeking to foreclose her lien by personally serving summonses and the complaint on respondent Estate of Olaf Helgeson, Hickerson, Schissel, Spruce Shadows, Winkler, Wayne Yoemans, Catherine Yoemans, and First National Bank, Bagley, Fosston. Appellant served Holcomb, Warwick, and Lindgren by publication. The Helgeson estate, Lindgren, Warwick, Hickerson, Winkler, Spruce Shadows, and Schissel answered the complaint. Holcomb, the Yoemans, and the bank have not appeared in this action.

Respondents moved for summary judgment, arguing that appellant's claim was barred by the 10–year statute of limitations for enforcing a judgment or judgment lien contained in Minn.Stat. §§ 548.09 and 550.01 (2008). The district court granted summary judgment on this basis and dismissed appellant's claim.

## ISSUE

Is appellant's claim barred by the 10–year statute of limitations for enforcing a judgment or judgment lien contained in Minn.Stat. §§ 548.09 and 550.01 (2008)?

## ANALYSIS

■ "The construction and applicability of statutes of limitations are questions of law that this court reviews de novo." *Noske v. Friedberg,* 670 N.W.2d 740, 742 (Minn.2003) (quotation omitted). Summary judgment must be reversed if the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

The district court concluded that, because appellant's lien is a judgment lien, she was required to foreclose or otherwise collect on the lien within ten years of entry of the dissolution judgment, i.e., by June 16, 1993. *See* Minn.Stat. § 548.09, subd. 1 (providing that, from time of docketing, any judgment requiring payment of money "is a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor.... The judgment survives, and the lien continues, for ten years after its entry."); *see also* Minn.Stat. § 550.01 (providing that judgment must be enforced within ten years of its entry).

■ But marital liens, such as appellant's, are not judgment liens; they are a method of distributing property in a dissolution proceeding.[1] "A lien on a homestead is a division of property." *Charlson v. Charlson,* 374 N.W.2d 473, 476 (Minn.

---

1. These liens are also referred to as equitable liens, homestead liens, or spousal liens. *See, e.g., Rohling v. Rohling,* 379 N.W.2d 519, 523 (Minn.1986) (using "equitable lien"); *Holmberg v. Holmberg,* 578 N.W.2d 817, 819 (Minn. App.1998) (using "homestead lien"), *aff'd,* 588 N.W.2d 720 (Minn.1999); *Granse & Assocs. v. Kimm,* 529 N.W.2d 6, 8 (Minn.App. 1995) (using "marital lien"), *review denied* (Minn. Apr. 27, 1995); *Erickson v. Erickson,* 452 N.W.2d 253, 256 (Minn.App.1990) (using "spousal lien").

App.1985). A lien is "an encumbrance on property as security for the payment of debt." Minn.Stat. § 514.99, subd. 1(b) (2008). A marital lien is personal property, though it is not an estate or an interest in the parcel of real property itself. *Granse & Assocs. v. Kimm,* 529 N.W.2d 6, 8 (Minn.App.1995), *review denied* (Minn. Apr. 27, 1995). A district court's use of a marital lien to divide property must have "an acceptable basis in fact and principle." *Rohling v. Rohling,* 379 N.W.2d 519, 522–23 (Minn.1986) (approving marital lien that did not mature for 15 years).

■ A marital lien may be foreclosed as a mortgage under Minn.Stat. §§ 581.01–.12 (2008) when the original judgment does not expressly provide a different means for enforcement. *Erickson v. Erickson,* 452 N.W.2d 253, 256 (Minn.App.1990). The statute of limitations for mortgage foreclosure is "15 years from the maturity of the whole of the debt secured by the mortgage." Minn.Stat. § 541.03, subd. 1. Here, the judgment did not expressly provide a means for enforcement. Therefore, appellant's lien may be foreclosed as a mortgage, for which the statute of limitations is 15 years. *See* Minn.Stat. § 541.03, subd. 1. Because the debt secured by appellant's marital lien was $5,000.00 "payable when the premises are sold," appellant's foreclosure action is not time-barred until 15 years from the date the property was sold.[2]

■ We remand for further proceedings, including a determination of if and when various portions of the property were sold. Whether a transaction constitutes a "sale" for the purposes of triggering a duty to pay in a dissolution judgment is a question of fact. *See Redmond v. Redmond,* 594 N.W.2d 272, 276 (Minn.App. 1999) (reviewing decision that transaction was sale as finding of fact subject to reversal only if clearly erroneous). In making this determination, the district court should look to the intention of the parties at the time of the transaction. *See Ministers Life Cas. Union v. Franklin Park Towers Corp.,* 307 Minn. 134, 137–38, 239 N.W.2d 207, 210 (1976) (discussing factual distinction between sale and equitable mortgage). "Intention is to be ascertained by the written memorials of the transaction and the attendant facts and circumstances." *Id.* at 138, 239 N.W.2d at 210.

■ Finally, to decrease the likelihood of such disputes, we suggest that courts using marital liens include in their orders: (1) the value of the debt to be secured by the lien, in terms of either an absolute dollar amount or a percentage of the equity or ultimate sale price of the property; (2) the applicable interest rate, if any, which should be justified in the accounting of the court's division of the marital assets, *see Thomas v. Thomas,* 407 N.W.2d 124, 127 (Minn.App.1987) (requiring specific findings to explain decision not to require payment of interest); (3) an ascertainable date of maturity; (4) a specific mechanism for enforcement; and (5) an explanation of whether the lien is in the nature of child support or purely a division of property, *see Holmberg v. Holmberg,* 578 N.W.2d 817, 825 & n. 8 (Minn.App.1998) (noting

---

**2.** We distinguish this case from the recent decision of *Dahlin v. Kroening,* in which this court held that a judgment for spousal-maintenance arrearages may be continuously renewed by bringing an action within ten years of entry of the previous judgment. 784 N.W.2d 406, 413 (Minn.App.2010) (discussing Minn.Stat. §§ 541.04, 548.09, subd. 1, 548.091 (2008)). We emphasize that the lien in this case does not arise out of a money judgment that expired after 10 years—it was directly awarded by the court as a method of property division. *See Charlson,* 374 N.W.2d at 476 (stating that marital lien is method of distributing property in dissolution proceeding).

that lien in nature of child support is subject to modification, while divisions of property are final), *aff'd,* 588 N.W.2d 720 (Minn.1999).

### DECISION

Summary judgment was improperly granted on the basis that appellant's foreclosure action was time-barred under the 10–year statute of limitations for enforcement of a judgment. Because no more specific enforcement mechanism was provided in the original dissolution judgment, appellant's lien may be foreclosed as a mortgage to which the 15–year statute of limitations contained in Minn.Stat. § 541.03, subd. 1, applies.

**Reversed and remanded.**