In re the Marriage of Douglas
Jon NELSON, petitioner,
Respondent,

v.

Jody Lynn NELSON, Appellant.

No. A10–2239.

Court of Appeals of Minnesota.

Dec. 5, 2011.

Matthew A. Engel, The Engel Firm,
PLLC, Minneapolis, MN, for respondent.

Jessica J. Nelson, Randi J. Winter, Fel-
haber, Larson, Fenlon & Vogt, P.A., Min-
neapolis, MN, for appellant.

Considered and decided by
CONNOLLY, Presiding Judge;
HALBROOKS, Judge; and MINGE,
Judge.

## OPINION

MINGE, Judge.

Appellant challenges the district court's
order enforcing a marriage-dissolution
judgment by entering personal judgment
against her, arguing that the district court
impermissibly modified the dissolution
judgment. Because the district court has
discretion to enforce marriage-dissolution
judgments and did not abuse that discre-
tion, we affirm.

## FACTS

In 2001, appellant-wife Jody Nelson and respondent-husband Douglas Nelson, entered into a marital-termination agreement (MTA). The district court incorporated the MTA in the judgment dissolving their marriage. The judgment awarded the family's homestead to wife, subject to a lien in favor of husband in the amount of $67,725 payable with interest when wife sold the homestead or remarried or when the youngest child turned 18, whichever occurred first. Because at the time of the dissolution the homestead was not yet finished, husband was required to cooperate in refinancing by wife.

In April 2008, their youngest child turned 18, triggering the homestead-related lien obligation. Husband demanded the amount specified, but wife refused payment, claiming that due to diminished market value and the balance on the outstanding mortgage, there was no remaining equity in the homestead; that the lien was worthless; and that husband was not entitled to anything. Husband did not dispute this equity analysis but continued to demand payment.

Husband sued seeking to enforce the dissolution judgment by entry of a monetary judgment against wife for the amount of the lien plus interest. The district court determined that wife had an obligation to pay the amount specified in the lien and entered a monetary judgment against wife in the amount of $106,610.04 (the initial amount of $67,725 plus interest). This appeal follows.

## ISSUE

Did the district court abuse its discretion by entering a personal judgment against wife after she failed to satisfy the monetary amount of the lien granted to husband in the dissolution judgment?

## ANALYSIS

The only issue in this case is whether the district court abused its discretion by entering a personal judgment against wife. Marital liens are a method of distributing property in a dissolution proceeding; they are personal property, not an interest in the real property itself. *Bakken v. Helgeson,* 785 N.W.2d 791, 794–95 (Minn.App.2010). "While a [district] court may not modify a final property division, it may issue orders to implement, enforce, or clarify the provisions of a decree, so long as it does not change the parties' substantive rights." *Redmond v. Redmond,* 594 N.W.2d 272, 275 (Minn.App. 1999). An order implementing or enforcing a dissolution decree does not affect the parties' substantive rights when it does not increase or decrease the original division of marital property. *Hanson v. Hanson,* 379 N.W.2d 230, 233 (Minn.App.1985). This court will not disturb an appropriate order to clarify, implement, or enforce terms of a decree, absent an abuse of discretion. *Potter v. Potter,* 471 N.W.2d 113, 114 (Minn.App.1991).

Here, the dissolution judgment concluded:

a. .... That [wife] is awarded this homestead subject to a lien payable to the [husband] upon the soonest happening of the following:

1. Remarriage by the [wife];

2. Sale of the homestead by the [wife];

3. Upon the emancipation of the last of the parties' children.

The amount of the lien is $67,725.00. The lien shall accrue interest at 6.5% annually from the date that the Marital Termination Agreement is signed.

b. [Husband] shall ... transfer to [wife] his ... interest ... in ... the

homestead, subject to his lien contained herein.

c. At the [wife's] option, she may satisfy the [husband's] lien interest on the premises at any time prior to occurrence of the events stated in paragraph 9(a).

In sum, the dissolution judgment awards wife the homestead, subject to paying husband $67,725 plus interest. There is no further description of the lien or its enforcement.

■ Generally, a lien secures an underlying obligation. *See* Minn.Stat. § 514.99, subd. 1(b) (2010) (defining a lien as "an encumbrance on property as security for the payment of debt"); *Black's Law Dictionary* 1006 (9th ed.2004) (defining a lien as "[a] legal right or interest that a creditor has in another's property, lasting usu. until a debt or duty that it secures is satisfied"); *see also Bakken*, 785 N.W.2d at 795 (stating that, to reduce the risk of future litigation, dissolution decrees imposing marital liens should include "the value of the debt to be secured by the lien"). Courts treat stipulated marriage-dissolution judgments as contracts for purposes of construction. *Grachek v. Grachek*, 750 N.W.2d 328, 333 (Minn.App.2008). "Whether a contract is ambiguous is a question of law that we review de novo." *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn.2008). Contract language is ambiguous if it is "reasonably susceptible to more than one interpretation." *Brookfield Trade Ctr., Inc. v. Cnty. of Ramsey*, 584 N.W.2d 390, 394 (Minn.1998). "In interpreting a contract, the language is to be given its plain and ordinary meaning." *Id.* "The interpretation of a contract is a question of law if no ambiguity exists, but if ambiguous, it is a question of fact and extrinsic evidence may be considered." *City of Va. v. Northland Office Props. Ltd.*

*P'ship*, 465 N.W.2d 424, 427 (Minn.App. 1991), *review denied* (Minn. Apr. 18, 1991).

Wife argues that foreclosure on the property is husband's exclusive remedy for enforcement of his rights under the dissolution judgment and cites to various decisions involving mechanic's and attorney's liens for support. *See Karl Krahl Excavating Co. v. Goldman*, 296 Minn. 324, 327–28, 208 N.W.2d 719, 721 (1973) ("[A] mechanics lien claimant must exhaust his rights against the property by sale before any deficiency judgment may be entered personally against a party personally liable."); *Dorsey & Whitney LLP v. Grossman*, 749 N.W.2d 409, 420–23 (Minn.App. 2008) (concluding that district court has authority to summarily establish an attorney's lien but not to summarily enforce such lien through a personal judgment against the property owner). This caselaw is not helpful. The enforcement of a mechanic's lien is limited by statute to foreclosure. Minn.Stat. § 514.10 (2010). Similarly, an attorney's lien is governed by statute, though there is no express limitation of enforcement to foreclosure. Minn. Stat. § 481.13 (2010). Wife cites to *Grossman* to support her argument that a district court cannot enforce a lien by entering a personal judgment against the owner of the encumbered property. However, the holding in *Grossman* is only that a district court cannot enforce an attorney's lien in such a way during a summary proceeding. 749 N.W.2d at 422. Wife does not cite to, nor could this court locate, any authority concluding that a district court cannot enter a personal judgment against the owner of property encumbered by an attorney's lien.

Wife argues that the dissolution judgment only awarded husband a security interest in the homestead, that this security interest was limited to $67,725 plus interest, and that this security interest did not

create a separate obligation of wife to pay husband any amount. Wife points out that at the time of the divorce, the homestead was the principal asset with equity, that they agreed that for the benefit of the children she would have the opportunity to finish the house and live there until the youngest child finished school, and that then the husband would receive the first $67,725 (plus interest) representing half the equity at their separation. She would not receive anything until the $67,725 (plus interest) was paid. In this sense, wife claims that husband received a priority claim for his equity that came ahead of her receipt of any equity, offsetting her opportunity for greater appreciation gains, and that the district court's entry of a personal judgment dramatically altered her substantive rights by creating a recourse—as opposed to a nonrecourse—obligation.

Husband argues that because the district court's order granting him a personal judgment did not affect the division of property in the original divorce decree, the substantive rights of both parties were unchanged. We note that the homestead was not fully constructed at the time of the dissolution and that the judgment obligated husband to cooperate in any financing needed to finish construction, apparently subordinating his interest to any mortgage for that purpose. Husband points out that if limited to a nonrecourse charge against the homestead, he had no assurance of any equity. If wife is able to avoid personal liability, such a subordination could result in husband having nothing. He also points out that wife received all the benefit of appreciation and was able to take her chances in maintaining, improving, refinancing, and marketing the property while his position was fixed. He asserts that the $67,725 is really a fixed sum resulting from a property division and that in view of all the circumstances, he should receive the specific dollar amount awarded to him.

Unfortunately, the original marriage-dissolution judgment does not clearly resolve the matter. It states that the lien is "payable," that the lien "is" for a certain dollar amount, and that the lien "shall accrue interest." If the lien was meant to be no more than a nonrecourse charge against the homestead, the judgment should not have used the term in the context it did. Although apparently assumed, the judgment does not even clearly state that the lien is subordinate to the mortgage financing on the homestead. We conclude that the language in the judgment lacks clarity and appears to use the word lien as if it is an obligation. We further conclude that, in the context of this marriage-dissolution judgment, this inartful use of the term "lien" creates an ambiguity.

■ The district court had the discretion to resolve an ambiguous provision and the responsibility of sorting out a situation nine years after the marriage-dissolution judgment was entered. It was dealing with a dramatically changed real estate market. The district court construed the dissolution judgment to impose on wife a responsibility to pay husband $67,725 (plus interest) upon the occurrence of any one of the three specified events. It reasoned that wife has sole title to the homestead and husband only has a lien for the amount specified. Because the dissolution judgment did not limit such payment to the proceeds from a sale of the homestead, the district court ordered entry of a personal judgment against wife for $67,725 plus interest.

Based on the considerations previously discussed, we conclude that the district court's decision is a reasonable resolution of the ambiguity faced and as such the district court did not abuse its discretion.

## DECISION

Because use of the term "lien" is ambiguous in the marriage-dissolution judgment,

because enforcement of the lien is not limited to foreclosure, and because entering a personal judgment against wife did not alter the initial division of marital property, we conclude that the district court did not abuse its discretion in entering a personal judgment against wife after she failed to pay husband the stated amount.

**Affirmed.**