*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1632**

In re the Marriage of:

Charles A. T. Gill, petitioner,
Appellant,

vs.

Kathryn E. K. Gill,
Respondent.

**Filed August 11, 2014
Affirmed; motion denied
Reilly, Judge**

Washington County District Court
File No. 82-FA-10-1618

Carol Grant, Kurzman Grant Law Office, Minneapolis, Minnesota (for appellant)

Patrice M. Rico, Rico Law Office, P.A., St. Paul, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges the district court's entry of judgment against him resulting from a failure to pay a property settlement. Appellant asserts that the district court did not have the authority to modify the parties' property settlement in the marriage-

dissolution judgment and decree and that it incorrectly interpreted the marriage-dissolution judgment. We conclude that the district court did not err in interpreting the marriage-dissolution judgment and decree and affirm the district court's entry of judgment against appellant.

## FACTS

The district court dissolved the marriage of appellant-husband Charles A.T. Gill and respondent-wife Kathryn E.K. Gill on September 21, 2011. At the time of dissolution, husband was 62 years old and wife was 56 years old. The parties have three children together. The parties' marriage was dissolved pursuant to a stipulated marriage-dissolution judgment and decree. Husband was employed as a physician and earned a gross monthly income of $15,065. Wife was a licensed registered nurse, but she has not been employed since July 1990. The parties retained joint legal and physical custody of the one minor child. Husband pays spousal maintenance. The spousal maintenance payments commenced the first month after the sale of the homestead.

The parties participated in a Financial Early Neutral Evaluation as part of the marriage dissolution process. Through the mediated sessions, the parties reached a stipulated dissolution agreement that the judgment and decree incorporated. In their dissolution agreement, the parties contemplated an equal division of their marital assets. In addition to the homestead, automobiles, and personal property, the dissolution agreement divided various retirement, investment, and bank accounts. At the time of dissolution, the parties had a total of $220,186 in after-tax marital assets. Husband received $141,853 of the assets, and wife received $78,333 of the assets. Wife's after-tax

2

assets included a $10,000 advance and a $31,760 equalization payment, to be paid at a future date. With the equalization payment, both parties were to receive $110,093 in after-tax assets. In addition to the after-tax assets, each party received half of the retirement assets.

Paragraphs 10 through 13 of the marriage-dissolution judgment concern marital and nonmarital real property. Paragraph 10 addresses the sale of the parties' homestead. In addition to listing the legal description, this paragraph describes husband's nonmarital interest in the homestead, procedures for selling the homestead and financing any required improvements to facilitate its sale, the division of the homestead's net proceeds, and the occupation of the homestead. Husband had a nonmarital interest in the homestead of $105,069.

Husband was to receive the first $105,069 of the homestead's net sale proceeds to satisfy his nonmarital interest in the homestead, and the remaining net sale proceeds were to be divided equally between the parties. The dissolution agreement defines "net sale proceeds" as the gross sale price of the homestead less the costs of sale and satisfaction of the first mortgage and home equity line of credit. At the time of the dissolution, a mortgage with an approximate balance of $417,000 and a home equity line of credit with an approximate balance of $146,800 encumbered the homestead.

Paragraph 24 of the marriage-dissolution judgment is entitled "Equalization Payment" and is separate from paragraphs 10 through 13 dealing with real property. It provides:

24. EQUALIZATION PAYMENT. [Husband] shall pay to [wife] the sum of $31,760 from his share of the homestead sale proceeds at closing to equalize the division of the parties' after-tax assets. A copy of the spreadsheet detailing the parties' property division is attached hereto and incorporated herein as Exhibit F.

Exhibit F, referenced in paragraph 24, is a copy of a spreadsheet, dated February 2011, detailing the parties' nonmarital assets and property division.

The marriage-dissolution judgment required the parties' to list the homestead for sale by March 1, 2011. The home equity line of credit was to pay for any home improvements required for sale. The parties initially listed the homestead for $849,000 in the summer of 2011. The homestead's after-tax value was listed at $750,000 on Exhibit F. The parties used this value in calculating the division of their marital assets. The homestead sold in March 2013 for $700,000. After all encumbrances and closing costs were paid, the net equity in the homestead at the time of closing was $1,073.13.

On June 6, 2013, wife brought a motion seeking attorney fees and a judgment for $31,760 against husband due to his failure to pay her $31,760 after the homestead closed. In her attached affidavit, wife argued that until husband makes the $31,760 payment, he has received more marital assets. Husband argued that had the parties known there would be no equity left in the homestead at its selling date, the final agreement would have been substantially different. Thus, when the net proceeds from the sale of the homestead totaled $1,073.13, the lack of sale proceeds effectively extinguished his obligation to make the $31,760 payment. In addition, husband claimed that both his

4

nonmarital interest in the homestead and wife's equalization payment were contingent upon the existence of sale proceeds from the homestead.

In its July 16, 2013 order, the district court denied both parties' motions for attorney fees and entered a monetary judgment of $31,760 against husband. The district court stated that it did not have authority pursuant to Minn. Stat. § 518.145, subd. 2 (2012), to modify the marriage-dissolution judgment but that it did have authority to interpret the marriage-dissolution judgment. The district court concluded that the judgment clearly "contemplated a payment of $31,760.00 from [husband] to [wife] to equalize the assets." The district court found that after "[v]iewing the plain language of the Judgment and Decree as a whole," the parties intended that husband pay the equalization payment of $31,760 regardless of any changes in their positions.

Husband appeals.

## D E C I S I O N

### I.

As an initial matter, we will first address husband's argument that the district court did not have authority to grant wife's motion for judgment. Specifically, husband argues that granting wife's motion was improper because it was a modification of the marriage-dissolution judgment and decree. Wife claims that the district court's July 2013 order was only a clarification of the judgment and decree.

Divisions of marital property in dissolution actions are final, subject only to the same standards required to reopen a judgment. Minn. Stat. § 518A.39, subd. 2(f) (2012) (finality of property division); Minn. Stat. § 518.145, subd. 2 (2012) (listing possible

5

bases for reopening judgment).  Once a judgment is entered on a dissolution stipulation, the stipulation is deemed to have merged into the judgment, and the "sole" method for obtaining relief from the judgment is to satisfy Minn. Stat. § 518.145, subd. 2.  *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997).  Under section 518.145, subdivision 2, a party may be relieved of a judgment and decree for mistake, inadvertence, surprise, or excusable neglect or for fraud, misrepresentation, or misconduct by the adverse party.  If, however, the terms of a judgment are ambiguous or uncertain, upon a party's motion, the district court that issued the judgment may issue appropriate orders clarifying or interpreting it.  *Stieler v. Stieler*, 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955).  Whether language is ambiguous is a question of law initially decided by the district court.  *Halverson v. Halverson*, 381 N.W.2d 69, 71 (Minn. App. 1986).  That decision is subject to de novo review on appeal.  *Stewart v. Stewart*, 400 N.W.2d 157, 158 (Minn. App. 1987).

Language within a judgment and decree is ambiguous if it "is reasonably susceptible of more than one meaning."  *Landwehr v. Landwehr*, 380 N.W.2d 136, 138 (Minn. App. 1985).  The determination of whether an ambiguity exists cannot be made by reading words in isolation.  *Id.* at 139.  Rather, the court should construe the judgment as a whole.  *Blonigen v. Blonigen*, 621 N.W.2d 276, 281 (Minn. App. 2001).  We treat stipulated marriage-dissolution judgments as contracts for purposes of construction.  *Grachek v. Grachek*, 750 N.W.2d 328, 333 (Minn. App. 2008). Contract language is interpreted according to its plain and ordinary meaning.  *Id.*

6

The district court did not make a specific finding that the language at issue was ambiguous. The district court did, however, analyze wife's motion for a monetary judgment as one requesting interpretation of the judgment and decree because the district court recognized that it did not have authority "pursuant to Minnesota Statute § 518.145, subdivision 2 to modify the parties' [j]udgment and [d]ecree."[1] Thus, we infer that the district court implicitly concluded that the relevant judgment provision was ambiguous. *See Landwehr*, 380 N.W.2d at 138-39 (recognizing district court's implicit determination that a judgment provision was ambiguous).

The language at issue states: "[Husband] shall pay to [wife] the sum of $31,760 from his share of the homestead sale proceeds at closing to equalize the division of the parties' after-tax assets." Viewed in isolation, this clause does not appear ambiguous. When viewed in the context of the dissolution judgment as a whole, however, this judgment provision is ambiguous: The provision requires husband to make a payment from what turned out to be a nonexistent source of funds. The judgment provision does not explain why the homestead sale proceeds were to be the source of the $31,760 sum, and does not explain what to do if the homestead proceeds were insufficient to allow husband to make this payment. Thus, under the circumstances, we affirm the district court's implicit determination that the judgment provision is ambiguous, and the district court did not err in clarifying this language. *See Erickson v. Erickson*, 449 N.W.2d 173,

---

[1] Minnesota Statute section 518.145, subdivision 2, requires any motion to reopen a judgment to be brought within one year of entry of the judgment. Here, wife moved the court for judgment against husband in June 2013—clearly more than one year after the September 21, 2011 judgment date.

178 (Minn. 1989) ("Disagreement between the parties as to the interpretation of a [stipulation] may be tantamount to a finding of ambiguity.").

Husband also argues that the district court imposed the wrong interpretation or clarification of paragraph 24. The interpretation of an ambiguous judgment provision is a factual question. *Landwehr*, 380 N.W.2d at 140; *see Trondson v. Janikula*, 458 N.W.2d 679, 682 (Minn. 1990) (recognizing where a contract is ambiguous, the district court's resolution of ambiguity is treated as a finding of fact). On appeal, the district court's factual findings are upheld unless clearly erroneous. *See, e.g.*, *N. States Power Co. v. Lyon Food Prods., Inc.*, 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975) (defining "clearly erroneous" as "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole"). When deciding whether a finding of fact is clearly erroneous, this court views the evidence in the light most favorable to the district court's findings. *Trondson*, 458 N.W.2d at 682. "Divorce decrees should be given that interpretation which will render them reasonable, effective, and conclusive and which will make them harmonize with facts and law of the case." *Palmi v. Palmi*, 273 Minn. 97, 104, 140 N.W.2d 77, 82 (1966).

Recently, this court held that the district court did not err when it interpreted an ambiguous provision in a marriage-dissolution judgment and entered a personal judgment against a party when the party failed to pay a lien. *Nelson v. Nelson*, 806 N.W.2d 870 (Minn. App. 2011). In *Nelson*, the martial-termination judgment awarded the family's homestead to the wife, subject to a lien in favor of the husband for $67,725, payable with interest. *Id.* at 871. Payment was due when either the wife remarried, the homestead was

8

sold, or the youngest child turned 18, whichever occurred first. *Id.* Once the youngest child turned 18, the husband demanded the amount specified in the lien. *Id.* While still in possession of the homestead, wife refused to pay, claiming that there was no remaining equity in the homestead and that husband was not entitled to anything. *Id.* The husband sued to enforce the dissolution judgment by seeking an entry of a monetary judgment against the wife, and the district court entered judgment against the wife. *Id.*

On appeal, the issue before this court was whether the district court abused its discretion when it entered a personal judgment against the wife after she failed to satisfy the amount of the lien granted to the husband in the dissolution judgment. *Id.* This court stated

> [t]he district court had the discretion to resolve an ambiguous provision and the responsibility of sorting out a situation nine years after the marriage-dissolution judgment was entered. It was dealing with a dramatically changed real estate market. The district court construed the dissolution judgment to impose on wife a responsibility to pay husband $67,725 (plus interest) upon the occurrence of any one of the three specified events. It reasoned that wife has sole title to the homestead and husband only has a lien for the amount specified.

*Id.* at 873. Accordingly, this court affirmed the district court's entry of judgment against the wife due to the ambiguity and because the judgment did not alter the initial division of marital property. *Id.* at 873-74.

Like the court in *Nelson*, we must resolve a situation where the parties overestimated the amount of homestead equity and now face circumstances not addressed by the marriage-dissolution judgment. If we were to accept husband's argument that he does not have to pay the $31,760 payment, then the parties' division of after-tax assets

9

will not be equal and not reflect the initial asset division contemplated in Exhibit F. This unequal property division would result in an improper modification of the parties' substantive rights. *See Kornberg v. Kornberg*, 542 N.W.2d 379, 388 (Minn. 1996) ("The court has the power to implement or enforce the provisions of a judgment and decree so long as the parties' substantive rights are not changed.").

Reading the marriage-dissolution judgment and decree as a whole, we conclude that the language in paragraph 24 regarding the source of the equalization payment controls the timing of *when* the parties' intended that the equalizing payment would be paid as opposed to *if* the equalizing payment would be paid. Moreover, viewing the clause "from his share of the homestead sale proceeds at closing," found in paragraph 24, to relate to the timing of the equalization payment, aligns with original intent of the parties. *See Thompson v. Thompson*, 385 N.W.2d 20, 22 (Minn. App. 1986) ("[An interpretation] does not result in a judgment different from the original, but serves only to express accurately the thoughts the judgment intended to convey.").

Paragraph 24 specifically incorporated Exhibit F. Exhibit F details an equal division of the parties' assets. After all after-tax marital assets were tallied, an equalization payment was added to wife's share of assets to give each party $110,093 in after-tax assets. The equalization payment is not contingent on the sale price of the homestead or the amount of net proceeds from the homestead sale. Rather, the division of assets calculated the payment as a fixed sum that the marriage-dissolution judgment and decree labeled as an "equalization payment."

Lastly, the district court's interpretation is consistent with Minnesota's requirement that the district court "shall make a just and equitable division of the marital property of the parties." Minn. Stat. § 518.58, subd. 1 (2012). Minnesota law presumes that at the dissolution of a long-term marriage, "equal division of the wealth accumulated through the joint efforts of the parties is appropriate." *Miller v. Miller*, 352 N.W.2d 738, 742 (Minn. 1984). Husband and wife were married for 23 years, and the marriage-dissolution judgment and decree supports the conclusion that both parties intended an equal division of the marital assets. Moreover, parties may not seek a modification of a property division based on a subsequent change in their financial circumstances. *Kaiser v. Kaiser*, 290 Minn. 173, 179, 186 N.W.2d 678, 683 (1971). When considering the marriage-dissolution judgment as a whole, the district court's interpretation of the ambiguous provision is entirely reasonable and supported by the evidence. Accordingly, the district court did not err by determining that the marriage-dissolution judgment required a $31,760 equalization payment and entered a $31,760 judgment against husband.

## II.

Wife moves to strike portions of husband's brief and appendix as referring to or containing extra-record materials. Husband, in his response, agreed in part and disputed in part the motion to strike. He also asked this court to strike portions of wife's brief, but did not file a written motion requesting relief. *See* Minn. R. Civ. App. P. 127 (requiring requests for relief to be made by serving and filing written motion).

We depend only on those facts that are in the record to decide an appeal, and a party does not add to that record merely by including extraneous material with her appeal submissions. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."); Minn. R. Civ. App. P. 130.01, subd. 1 (limiting an appellant to append only portions of the record to her brief). Although we frequently entertain motions to strike noncomplying submissions, we also may disregard attachments and references that are beyond the record, with or without "striking." Because the challenged statements and documents are irrelevant to issues on appeal, we deny the wife's motion but our opinion rests only on facts in the record. *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 233 n.2 (Minn. 2007). Due to husband's failure to file a written motion, we decline to consider his request for relief.

**Affirmed; motion denied.**