*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1323**

In re the Marriage of:
Kathy Ann Hockenson,
n/k/a Kathy Ann Lockhart, petitioner,
Respondent,

vs.

Galen Jay Hockenson,
Appellant.

**Filed June 22, 2015
Reversed and remanded
Kirk, Judge**

Beltrami County District Court
File No. 04-F1-92-000687

Terisa E. Roemer, Bemidji, Minnesota (for respondent)

John E. Valen, Walker, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Kirk, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Without explanation, the district court adopted greatly disparate, but purportedly reasonable, sale dates for real properties that the parties' 1992 dissolution judgment

required the parties to sell. Based on its adoption of these disparate sale dates, the district court then required appellant to pay respondent $105,000. Because the district court's actions altered the substantial rights of the parties, we reverse and remand.

**FACTS**

Appellant Galen Jay Hockenson and respondent Kathy Ann Lockhart married in 1977. After marrying, Hockenson and Lockhart resided in a home on Turtle Lake. During their marriage, they arranged to purchase a former resort on Deer Lake under a contract for deed and lived there.

In 1992, Lockhart petitioned for dissolution of the marriage. At that time, the Turtle Lake property was encumbered by a mortgage of $19,825.36 and the Deer Lake property was still subject to the contract for deed. Hockenson defaulted and did not appear at the dissolution hearing. The district court therefore adopted verbatim the property-division language proposed by Lockhart. Pertinent here, the district court's judgment and decree awarded the Turtle Lake property to Lockhart, subject to a marital lien awarded to Hockenson for 50% of the "net proceeds of the sale of the property." It also directed Hockenson to continue making the mortgage payments on the Turtle Lake property, and it assigned him responsibility for the payoff of the mortgage because it had been secured for the benefit of Hockenson's business.

The district court awarded the Deer Lake property to Hockenson, subject to Lockhart's 50% marital lien on the "net proceeds of the sale of the property." Although it noted that the Turtle Lake property was subject to a $19,825.36 mortgage and that the Deer Lake property was still subject to the contract for deed, the district court did not

make findings as to the amount remaining on the contract for deed or the valuation of either property. Similarly, the dissolution judgment did not identify a date for the sale of either property. In 1996, Lockhart sold the Turtle Lake property and paid Hockenson a portion of the net sale proceeds.

In 2007, Hockenson fulfilled the contract for deed on the Deer Lake property. In November 2012, he petitioned the district court for clear title to the Deer Lake property, alleging that "any liens claimed by [Lockhart] are null and void." In April 2013, Lockhart moved the district court for modification of the 1992 dissolution decree, requesting that the district court either order Hockenson to pay $50,000 or, "in the alternative, order[] that the [Deer Lake property] be sold and the proceeds be split equally between the parties."

In October, following a hearing on the parties' motions, the district court found that the 1992 dissolution decree had not assigned a value to either of the two properties, but had "recited that the Turtle Lake property was subject to a mortgage of $19,825.36, and the Deer Lake resort property was subject to a contract for deed with a principal balance of $25,504.81." It also found that, "[i]n 1993, the county estimated the value of the Deer Lake Resort property was $45,300," and that "[i]n July 2013, the appraised value of the Deer Lake Resort property was $210,000." The district court noted that Hockenson had testified that he had made improvements to the Deer Lake property after the dissolution, but it stated that he had "provided no dollar amount spent on these items, nor did [he] offer a dollar figure as to the value of the improvements."

3

The district court also found that the language in the 1992 decree "regarding the marital liens is imprecise, and could have been made clearer." But it stated that this imprecision "does not . . . result in the decree being declared null and void." Rather, the district court interpreted the 1992 decree as "obligat[ing] the parties to sell the property they were awarded." It reasoned that "[t]he lack of an actual sell date does not transform the obligation into a mere condition precedent, whereby one party, by their inaction, could prevent the other from receiving their rightful portion of the property division." And it opined, "It can be inferred that the sale take place within a reasonable time." Based on its interpretation of the 1992 decree and without specifically addressing whether 2013 would have been a "reasonable" date to sell the Deer Lake property, the district court ordered Hockenson to pay Lockhart $105,000, half of the 2013 appraised value of the Deer Lake property.

Hockenson moved the district court for amended findings, asking that the district court order that he be paid for what he alleged was a shortfall in the amount paid to him after the 1996 sale of the Turtle Lake property and that the district court attribute the increase in the value of the Deer Lake property to the improvements that he made. The district court denied the motion and Hockenson appeals.

## DECISION

## I. The district court erred in using 2013 valuation date of Turtle Lake property.

Hockenson challenges the district court's order directing him to pay Lockhart half of the 2013 appraised value of the Deer Lake property, arguing that it has the effect of awarding Lockhart the value of improvements made after the date of dissolution. Neither

4

party, however, challenges the district court's reading of the dissolution judgment to require that the properties be sold within a "reasonable" time. "A lien on a homestead is a division of property." *Potter v. Potter*, 471 N.W.2d 113, 114 (Minn. App. 1991). "[M]arital liens . . . are not judgment liens; they are a method of distributing property in a dissolution proceeding." *Bakken v. Helgeson*, 785 N.W.2d 791, 794 (Minn. App. 2010).

Hockenson contends that the district court's use of disparate valuation dates for the two properties changed the substantial rights of the parties. A district court may issue orders implementing, clarifying, or enforcing the provisions of a dissolution decree, provided that it does not thereby change the substantial rights of the parties. *Potter*, 471 N.W.2d at 114. The plain language of the 1992 dissolution decree indicates that Hockenson and Lockhart were each entitled to receive half of the net proceeds of the sale of the properties that each of them respectively was awarded in the dissolution judgment. This intent is evinced by the precise mirroring of language between the decree's provisions relating to the Turtle Lake and Deer Lake properties. Thus, the district court's intent appears to have been to forego any attempt to compare the relative values of the Turtle Lake and Deer Lake properties, and instead simply split the net proceeds of a sale of each property between the parties.

When valuing assets in a dissolution action, a district court "shall value [each marital asset] as of the day of the initially scheduled prehearing settlement conference, unless . . . the [district] court makes specific findings that another date of valuation is fair and equitable." Minn. Stat. § 518.58, subd. 1 (2014). No specific findings regarding valuation dates are present in the record. Instead, by accepting that Lockhart had

performed her obligations under the terms of the dissolution decree by selling the Turtle Lake property in 1996[1] and by denying Hockenson's motion for amended findings, the district court implicitly ruled that a 1996 sale date for the Turtle Lake property was reasonable. By ruling that Hockenson had "failed to pay [Lockhart] for her interest in the Deer Lake Resort property" and directing him to pay her 50% of the 2013 value of the property, the district court implicitly ruled that a 2013 sale date for the Deer Lake property was reasonable. *See Prahl v. Prahl*, 627 N.W.2d 698, 703 (Minn. App. 2001) (noting that a district court's findings may be implicit).

We note that, for purposes of this case, the determination of reasonable sale dates for the properties approximates the identification of a valuation date for dissolution purposes. Generally, "when a district court uses a valuation date other than the date of the initially scheduled prehearing settlement conference, the date usually bears a rational relationship to the facts of the dissolution in question." *Alam v. Chowdhury*, 764 N.W.2d 86, 92 (Minn. App. 2009). But a valuation date that is "far removed from the date of dissolution has the potential to cause significant mischief, if not outright havoc, in property distributions." *Id.* A similar concern is present here, where the district court's unexplained use of disparate sale dates results in an outcome that is plainly inconsistent with the original intent of the dissolution decree. By using a 2013 sale date for the Deer Lake property without any explanation, the district court appears to have awarded

---

[1] The district court found that the terms of the 1992 dissolution decree obligated each party to sell their respective property within a "reasonable time." Although the terms of the decree allow for other interpretations of the district court's intent, "[w]e defer to a district court's interpretation of its own order," *LaChapelle v. Mitten*, 607 N.W.2d 151, 162 (Minn. App. 2000), *review denied* (Minn. May 16, 2000).

6

Lockhart an amount that was significantly more than the amount that she would have received either at the time of the dissolution in 1992 or at the time that she sold the Turtle Lake property in 1996. Absent more, we conclude that, on this record, the result here amounts to a change in the substantial rights of the parties. It also creates a perverse incentive, encouraging parties in a dissolution proceeding to delay enforcement of a marital lien for years or even decades while the value of a property increases, which is precisely the kind of "mischief" cautioned against in *Alam*. Additionally, since Hockenson had been remarried for almost eight years at the time of the district court's October 2013 hearing, its award may also have had the effect of impermissibly awarding Lockhart part of the value of property in which Hockenson's current wife has an interest. *Cf. id.* We therefore reverse the district court's award to Lockhart and remand for further proceedings.

The district court on remand should set a specific reasonable sale date for each property between the prehearing settlement conference date in 1992 and the 1996 sale date of the Turtle Lake property, making specific findings as to why each sale date is reasonable, in accordance with the intent of the 1992 dissolution decree, the 1996 sale of the Turtle Lake property, the 2007 fulfillment of the contract for deed, and the other facts of this case. *See* Minn. Stat. § 518.58, subd. 1; *Alam*, 764 N.W.2d at 92. The district court should calculate the amount owed to Lockhart based on the value of the Deer Lake property at the reasonable sale date. It should also reopen the record, allowing the parties to present evidence of the Deer Lake property's valuation over time, the nature and value of Hockenson's improvements to the Deer Lake property, and other evidence that may

7

assist the district court in carrying out its remand instructions. Having set a reasonable sale date and award amount, the district court should also award reasonable interest to compensate Lockhart for the delay (if any) between the date the sale should have occurred and the date the sale actually occurred. *See Bakken*, 785 N.W.2d at 795 (noting that interest on the debt secured by a marital lien is an important component of the award). The district court can also set a specific means for enforcement of Lockhart's marital lien, *Potter*, 471 N.W.2d at 114, or allow Lockhart the default option of enforcing her marital lien through foreclosure, *Bakken*, 785 N.W.2d at 795.

## II.     Hockenson's amended-findings issue premature.

Hockenson also challenges the district court's denial of his motion for amended findings, arguing that it failed to compensate him for increases in the value of the Turtle Lake property attributable to his payment on the mortgage. Because we have already directed that the district court reconsider the reasonable sale dates for both properties, it is premature at this time to consider this argument. On remand, the district court may consider Hockenson's argument regarding the mortgage payments that he made on the Turtle Lake property and determine what effect, if any, those might have on the net amount due to Lockhart in light of the original intent of the dissolution decree and the reasonable sale dates that the district court determines are fair and equitable.

**Reversed and remanded.**